Filed 10/28/24  P. v. Benavidez CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>SAUL BENAVIDEZ,<br><br>    Defendant and Appellant. | F087162<br><br>(Super. Ct. No. VCF333946)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*     Before Levy, Acting P. J., Franson, J. and Peña, J.

## INTRODUCTION

In 2018, appellant Saul Benavidez pleaded no contest to one count of attempted murder (Pen. Code, §§ 664/187, subd. (a)).[1]  Appellant also pleaded no contest to a gang enhancement (§ 186.22, subd. (b)(1)(A)), a firearm enhancement (§ 12022.5, subd. (a)), and a great bodily injury enhancement (§ 12022.7, subd. (a)).  He admitted a prior strike conviction.  In 2018, appellant was sentenced to prison for an aggregate term of 27 years.

In 2023, appellant filed a petition for resentencing, alleging he could no longer be convicted of attempted murder due to retroactive changes in the law.  The trial court appointed counsel to represent appellant, and the court received briefing from the parties.  After hearing oral argument, the court denied the petition at the prima facie stage.

We agree with appellant that the denial was improper.  The record of conviction at the prima facie stage does not "establish conclusively" that appellant is ineligible for resentencing relief.  (See *People v. Strong* (2022) 13 Cal.5th 698, 708.)  We will reverse and remand for further proceedings.

## BACKGROUND

Because this matter did not go to trial, we summarize background facts from the preliminary hearing.  In doing so, we recognize that appellant contends such evidence cannot be used to deny his petition at the prima facie stage.  (See § 1172.6, subd. (d)(3) [hearsay evidence from a preliminary hearing may not be used to deny a petition for resentencing].)

At the preliminary hearing, two law enforcement officers relayed hearsay statements from the victims and witnesses about appellant's role in this shooting.  According to the totality of the evidence from the preliminary hearing, appellant had a verbal dispute with one victim, while the second victim was nearby.  Appellant pulled out

---

[1]  All future statutory references are to the Penal Code unless otherwise noted.

a firearm. Appellant appeared to aim his gun at the first victim and he fired. The bullet struck the second victim in his abdomen.

During the preliminary hearing, one of the officers opined that appellant was an active member of a particular criminal street gang. The first victim was a former gang member who had dropped out. The other victim, the one who was shot, was an associate in a gang that is a rival of appellant's gang.

## DISCUSSION

**I.     We Remand for an Evidentiary Hearing.**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.). This amended both the felony-murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Strong*, *supra*, 13 Cal.5th 698, 707–708.) Senate Bill No. 1437 also added former section 1170.95. This created a procedural mechanism for those convicted under the former law to seek retroactive relief. (*People v. Strong*, *supra*, at p. 708; *People v. Lewis* (2021) 11 Cal.5th 952, 957.)

Effective January 1, 2022, Senate Bill No. 775 (2020-2021 Reg. Sess.) expanded the petition process to include individuals convicted of attempted murder under the natural and probable consequences doctrine. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.) Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6, without any change in content. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 889, fn. 2.)

In general, three conditions are required to seek resentencing:

3.

(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of murder liability that is now invalid (§ 1172.6, subd. (a)(1));

(2) Following a trial or the acceptance of a plea offer in lieu of a trial, the petitioner was convicted of manslaughter, murder, or attempted murder (§ 1172.6, subd. (a)(2)); and

(3) The petitioner could not presently be convicted of murder or attempted murder "because of changes" brought by Senate Bill No. 1437 (§ 1172.6, subd. (a)(3)).

An offender seeking resentencing must file a petition in the sentencing court and serve it on statutorily enumerated persons. Among other requirements, the petition must include a declaration from the petitioner that he is eligible for relief based on the three conditions summarized above. (§ 1172.6, subd. (b)(1)(A)-(C).) A petitioner may request the appointment of counsel. (*Id.*, subd. (b)(1)(C).)

The trial court must appoint the requested counsel if the petition meets the filing requirements. (§ 1172.6, subd. (b)(1)(C)(3).) A briefing schedule is set. The prosecution must file a response. The petitioner may file a reply. (*Id.*, subd. (c).) After the briefing is completed, the trial court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. If so, the court must issue an order to show cause and hold an evidentiary hearing. The prosecution then bears the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder (or its attempt) under the law as amended by Senate Bill No. 1437. (§ 1172.6, subds. (c), (d)(1)-(3); see also *People v. Wilson* (2023) 14 Cal.5th 839, 869.)

In this matter, the trial court appointed counsel to represent appellant after he filed his petition for resentencing. The prosecutor filed an opposition to the petition, contending that appellant was ineligible for resentencing. The prosecutor asserted that appellant had acted alone in committing this crime, so malice was not imputed to him.

Appellant's counsel filed a reply brief.  In part, appellant asserted it was improper to rely on the hearsay testimony from the preliminary hearing.  Appellant also argued that he never stipulated that the preliminary hearing could serve as a factual basis for his plea.

The trial court heard oral argument from the parties.  Prior to ruling, the court noted that, other than appellant, nobody else had been charged for this attempted murder.  The court commented that the charging documents had not raised a theory of felony murder, and the pleadings had not implicated the natural and probable consequences doctrine.  The court asked appellant's counsel to articulate a theory regarding how appellant could now "not be found guilty."  Appellant's counsel stated that such a theory was unknown because this case never proceeded to trial, and it was speculative regarding what theory the prosecution may have used to obtain a conviction.

The trial court ruled that appellant "has not shown sufficient prima facie evidence to grant the petition."  The court denied the petition without issuing an order to show cause.

Respondent argues that the denial was appropriate because appellant is ineligible for resentencing as a matter of law.  Respondent contends that the preliminary hearing transcript can be "consulted" to show that appellant's attempted murder conviction was not based on a now invalid theory.  According to respondent, the preliminary hearing transcript shows that appellant acted alone, so there is no concern that the natural and probable consequences doctrine could have been used to convict appellant.

There is a split of authority regarding the extent to which a trial court can rely on a preliminary hearing transcript at the prima facie stage of section 1172.6 proceedings. (Compare *People v. Williams* (2024) 103 Cal.App.5th 375, 403–405, review granted Sept. 11, 2024, S286314, with *People v. Mares* (2024) 99 Cal.App.5th 1158, 1166–1169, review granted May 1, 2024, S284232; *People v. Pickett* (2023) 93 Cal.App.5th 982,

988–990, review granted Oct. 11, 2023, S281643, and *People v. Patton* (2023) 89 Cal.App.5th 649, 657–658, review granted June 28, 2023, S279670.)

We need not further address this split of authority. Based on our de novo review,[2] it was inappropriate to deny appellant's petition at the prima facie stage.

Appellant did not expressly stipulate at his change of plea hearing that the preliminary hearing transcript formed the factual basis for his plea. Instead, the trial court stated sua sponte at the change of plea hearing that it found sufficient facts from the preliminary hearing to accept the change in plea. In any case, and regardless of whether or not appellant agreed that the facts from the preliminary hearing supported his change of plea, all of the relevant testimony from that hearing came from officers who did not personally witness the attempted murder. Hearsay evidence from a preliminary hearing may not be used to deny a petition for resentencing. (§ 1172.6, subd. (d)(3).) When the officers' hearsay statements are excluded, the preliminary hearing fails to demonstrate that appellant is ineligible for relief as a matter of law.

When it denied the petition, the trial court focused on the language in the charging documents. The court noted that the charges had not raised either a theory of felony murder or the natural and probable consequences doctrine.

In count 1, both the initial felony complaint and the information alleged that appellant committed attempted murder with malice aforethought (against the victim who was not shot). In relevant part, it was alleged that appellant "personally and intentionally discharged a firearm" that "proximately caused great bodily injury" to the victim who was struck by a bullet (§ 12022.53, subd. (d)).

In count 2, both the felony complaint and the information alleged that appellant committed assault with a firearm on the victim who was struck by a bullet.

---

[2] We review de novo the trial court's denial of the resentencing petition at the prima facie stage. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

The charging documents do not demonstrate as a matter of law that appellant is ineligible for resentencing. When these charges were initially filed against appellant in 2016, the natural and probable consequences doctrine was a viable theory which permitted the prosecution to convict appellant of premeditated attempted murder. "The People were not required to separately plead an aiding and abetting, felony murder, or natural and probable consequences theory." (See *People v. Williams*, *supra*, 103 Cal.App.5th at p. 388, review granted Sept. 11, 2024, S286314.) As such, the charges filed against appellant did " 'not foreclose the possibility of other people having been charged for related crimes.' " (*People v. Alazar* (Oct. 21, 2024) ___ Cal.App.5th ___ [2024 Cal.App. LEXIS 652, at *9].) Consequently, the trial court should not have denied the petition based on the charging documents.

When appellant entered his change of plea, he did not plead to premeditated attempted murder. Rather, he pleaded no contest to attempted murder without premeditation. Appellant also did not admit that he personally discharged a firearm as alleged in the information. Instead, he pleaded no contest to personal use of a firearm (§ 12022.5, subd. (a)). Appellant also pleaded to a separate great bodily injury enhancement (§ 12022.7, subd. (a)).

Appellant's plea of no contest to attempted murder established every element of that crime, including an intent to kill. (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 454.) However, imputed malice was a valid theory of attempted murder at the time appellant entered his change of plea in 2018. Appellant's plea of no contest does not establish as a matter of law that "he was convicted under any particular theory of attempted murder, let alone a theory that remains valid after the effective date of Senate Bill No. 1437." (*People v. Williams*, *supra*, 103 Cal.App.5th at p. 388.) In other words, appellant's change of plea "did not necessarily admit that he acted with the intent

7.

required by the current version of section 188." (*People v. Alazar*, *supra*, ___ Cal.App.5th ___ [2024 Cal.App. LEXIS 652, at *10].)

Our Supreme Court has emphasized that the bar is " 'very low' " at the prima facie stage, and a trial court may not engage in factfinding involving the weighing of evidence. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) Instead, the court must take a petitioner's factual allegations as true, and make a preliminary assessment regarding whether the petitioner is entitled to relief if her factual allegations were proved. (*Id.* at p. 971.) If the petitioner's allegations are true as alleged, then the court must issue an order to show cause. (*Ibid*.) A court may dismiss a petition at the prima facie stage if the petition and the record in the case "establish conclusively" that the petitioner is ineligible for relief. (*People v. Strong*, *supra*, 13 Cal.5th at p. 708.)

Appellant's record of conviction does not establish conclusively that he is ineligible for resentencing relief. Neither the charging documents nor appellant's change of plea demonstrate as a matter of law that he was convicted of attempted murder under the current standards. Therefore, the trial court should have issued an order to show cause, and we will remand for further proceedings.

## DISPOSITION

The order denying the petition for resentencing is reversed. This matter is remanded with directions to issue an order to show cause, and to conduct further proceedings as necessary pursuant to section 1172.6, subdivision (d).